UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMEER JACOBS,

        Petitioner,        Case Number: 04-CV-72709

v.        HON. BERNARD A. FRIEDMAN

RAYMOND BOOKER,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Ameer Jacobs has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his second-degree murder conviction. Petitioner is currently incarcerated at the Ryan Correctional Facility in Detroit, Michigan. For the reasons set forth below, the Court denies the petition.

### I. Facts

Petitioner's conviction arises out of the death of his one-month-old son, Jameel Jacobs. On June 8, 1999, Jameel, who lived in the City of Detroit, with his mother, Soo Yum Kim, and Petitioner, stopped breathing. Petitioner was sitting in the living room, holding Jameel, when Jameel stopped breathing. Petitioner awakened Ms. Kim, who was sleeping in the bedroom. Ms. Kim telephoned 911. Petitioner performed CPR on Jameel until an ambulance arrived. The emergency medical technicians transported Jameel to Children's Hospital of Detroit. The physicians at Children's Hospital were able to

resuscitate Jameel. However, Jameel died three days later.

The medical examiner and emergency room treating physician testified that Jameel died from blunt force trauma to the head. The emergency room treating physician testified that the injuries that caused Jameel's death could not have been caused by a fall two days earlier because the effects of the injuries would have manifested almost immediately following the injury.

City of Detroit Police Officer George Jones testified that Petitioner gave a written statement to him on June 9, 1999. In that statement, Petitioner stated that, approximately two weeks prior to Jameel's death, while Petitioner was carrying Jameel upstairs to his third-floor apartment, Jameel fell out of his carseat and tumbled down three steps. Petitioner admitted to hitting Jameel on the side of the head on June 4, 1999, because Jameel was crying and Petitioner was under a lot of stress. On June 5, 1999, Jameel fell out of the carseat onto the kitchen floor.

Petitioner testified in his own defense. He testified that he never hit his son and only admitted to doing so in his statement to police because of pressure from Officer Jones.

## II. Procedural History

Following a bench trial in Wayne County Circuit Court, Petitioner was convicted of second-degree murder. On October 26, 2000, he was sentenced to fifteen to twenty-five years imprisonment.

Petitioner filed an appeal of right in the Michigan Court of Appeals, presenting the

following claims:

>    I.   Whether the trial court clearly erred in its findings of fact and considered facts not in evidence in reaching its decision.
>
>    II.  Whether defendant was denied effective assistance of trial counsel.

The Michigan Court of Appeals remanded the matter to the trial court for additional findings of fact. People v. Jacobs, No. 232004 (Mich. Ct. App. June 28, 2002). The trial court issued additional findings of fact. The Michigan Court of Appeals reviewed the supplemented record and issued an opinion affirming Petitioner's conviction. People v. Jacobs, No. 232004 (Mich. Ct. App. Oct. 1, 2002).

Petitioner filed an application for leave to appeal to the Michigan Supreme Court, presenting the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. People v. Jacobs, No. 122560 (Mich. March 31, 2003).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the following claims:

>    I.   The trial court's factual findings were clearly erroneous.
>
>    II.  Petitioner was denied the effective assistance of counsel.

### III.  Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).  Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law.  Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998).  Additionally, this Court must presume the correctness of state court factual determinations.  28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the

---

[1]  28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

"contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

## IV. Analysis

### A. Trial Court's Findings of Fact

In his first claim for habeas corpus relief, Petitioner argues that the trial court's factual findings were clearly erroneous. Specifically, Petitioner argues that, contrary to the trial court's findings, no evidence was submitted to show that Petitioner admitted to intentionally striking his infant son on June 8, 1999.

In announcing its verdict, the trial court made the following finding of fact:

> The defendant on June 9, 1999 made a statement to the Detroit Police and admitted that he intentionally struck Jameel in the head on June 8, 1999. When the defendant struck Jameel Jacobs he acted in a wanton and willful disregard for the likelihood that the natural tendency of his conduct was to cause death or great bodily harm.

People v. Jacobs, Tr., Sept. 27, 2000, p. 5.

On direct appeal, the Michigan Court of Appeals held that the trial court clearly erred in finding that Petitioner admitted to striking Jameel on June 8, 1999. The record indicated that Petitioner admitted to striking Jameel on June 4, 1999. The Michigan Court of Appeals stated that it was unclear whether the trial court's verdict was based upon this erroneous finding of fact and remanded the matter to the trial court for further findings of fact. Jacobs, slip op. at 2-3.

On remand, the trial court found that Petitioner admitted to striking his son on June 4, 1999, not on June 8, 1999. The trial court considered the admission about the June 4, 1999 incident and admissions made by Petitioner about two alleged accidental falls on June 6, 1999, and concluded that Petitioner was attempting to cover up the real cause of

his son's death. A pediatric expert and the medical examiner both testified that Jameel's injuries occurred on June 8, 1999, and that the infant would have lost consciousness soon after the injuries were inflicted. The trial court further found that Petitioner was alone with his infant son in the time prior to when emergency rescue personnel were contacted. The trial court concluded that Petitioner struck Jameel on June 8, 1999, causing his death. The trial court stated that its finding of guilt was not based upon the earlier incorrect factual finding that Petitioner admitted striking Jameel on June 8, 1999. Tr., 7/19/02, pp. 2-5.

This Court finds that the trial court's initial erroneous finding of fact was corrected, and the guilty verdict was not based upon that erroneous finding. Therefore, Petitioner is not entitled to habeas corpus relief on this claim.

To the extent that Petitioner is also arguing that insufficient evidence was presented to show that he inflicted the injuries that caused Jameel's death, this claim is also without merit. In Jackson v. Virginia, 443 U.S. 307 (1979), the Supreme Court established that the standard of review for a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original). Pursuant to 28 U.S.C. § 2254(d)(1), this Court must determine whether the state court's application of the Jackson standard was contrary to or an unreasonable application of Supreme Court precedent. In making this determination, this Court must afford the state court's findings of fact a

presumption of correctness unless it is established by clear and convincing evidence that the factual determination in the state court was erroneous. 28 U.S.C. § 2254(e)(1); West v. Seabold, 73 F.3d 81, 83 (6th Cir. 1996), *cert. denied*, 116 S. Ct. 2569 (1996).

The last state court to issue a reasoned opinion regarding Petitioner's sufficiency of the evidence claim, the Michigan Court of Appeals, stated, in relevant part:

> Defendant and Kim stated that Jameel's falls occurred when he was approximately one or two weeks old, which was days before his admittance to Henry Ford Hospital on June 8, 1999. Defendant's version of events was contradicted by the medical examiner's finding that Jameel's five areas of injury to the head were sustained at the same time, either on the date he was admitted to the hospital, or shortly before his admittance to Henry Ford Hospital on June 8, 1999. Further, the finding that the falls did not cause Jameel's injures was supported by the pediatric expert's conclusion that the sheering or retinal hemorrhaging injuries could not have been sustained by a fall down stairs, even if defendant had held Jameel over his head as he walked up the stairs. . . . [I]n light of the medical evidence, as well as defendant's admission to striking the child on another occasion, we find no merit in the trial court's conclusion that defendant fatally abused Jameel in the early morning hours of June 8, 1999.

Jacobs, slip op. at 3-4.

The Court finds this well-reasoned disposition of Petitioner's sufficiency of the evidence claim was neither contrary to nor or an unreasonable application of clearly established federal law. The Court of Appeals explained and supported its conclusion that the trial court's verdict was supported by the facts. Petitioner has not presented any new evidence to show that the state court's findings of fact were erroneous. Therefore, according those factual findings a presumption of correctness, *see* 28 U.S.C. § 2254(e)(1), this Court concludes that the state court of appeals' decision that all of the elements of the

crime were satisfied did not "result[] in a decision that . . . involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Petitioner is not entitled to federal habeas relief with respect to this claim.

### V. Ineffective Assistance of Counsel Claim

In his second claim for habeas corpus relief, Petitioner argues that he was denied the effective assistance of counsel because his attorney failed to raise an intervening cause of death defense.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. at 687. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. A petitioner may establish prejudice by "showing that counsel's errors were so serious as to deprive the defendant of a fair trial." Id.

The Supreme Court emphasized that, when considering an ineffective assistance of counsel claim, the reviewing court should afford counsel a great deal of deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair

>assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Id. at 689 (internal citations omitted).

The last state court to address the merits of Petitioner's ineffective assistance of counsel claim, the Michigan Court of Appeals, stated, in pertinent part:

>Defendant also argues that his trial counsel was ineffective for failing to raise an intervening cause of death defense. Defendant argues that the EMS unit that treated Jameel wrongly intubated him by inserting the tube into his esophagus instead of his trachea. Defendant failed to move for a new trial or Ginther[] hearing; therefore, our review is limited to errors apparent on the record. . . . To establish a denial of effective assistance of counsel, a defendant must prove that his counsel's performance was deficient and that, under an objective standard of reasonableness, defendant was denied his Sixth Amendment right to counsel. People v. Carbin, 463 Mich. 590, 599-600; 623 N.W.2d 884 (2001). The deficiency must be prejudicial to defendant to the extent that, but for counsel's error, the result of the proceedings would have been different. Id. Effective assistance of counsel is presumed . . .
>
>The decisions regarding what evidence to present and which witnesses to call are presumed to be matters of trial strategy. . . . This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess trial counsel's competence with the benefit of hindsight. . .
>
>In light of the record evidence that (1) Jameel's health improved after he was intubated at the scene, and (2) Jameel's official cause of death was homicide as a result of intentional blunt force trauma, we cannot conclude that the record supports an intervening cause of death defense on the basis of the EMS personnel's treatment of Jameel. Defendant has not

>affirmatively established that Jameel was improperly intubated at the scene, or more importantly, that he was detrimentally affected by the EMS unit's treatment. Therefore, defendant's argument amounts to mere conjecture. Further, we cannot conclude that defendant would have been acquitted even if defendant had established that Jameel was improperly intubated in light of (1) the evidence that his vitals had stopped before the EMS team arrived at the scene, (2) the evidence that he had been without oxygen for some time before the EMS unit arrived, (3) evidence that his condition and color improved after he was intubated at the scene, (4) the ability of the medical staff at Henry Ford Hospital to resuscitate Jameel, and (5) his serious head injuries, which ultimately were determined to be the cause of his death. In sum, the evidence did not support an intervening cause of death defense based on the improper intubation of Jameel by the EMS unit. Accordingly, defendant's claim that trial counsel failed to adequately investigate, research and present this defense is without merit.

Jacobs, slip op. at 4-5.

The Court finds the Michigan Court of Appeals' well-reasoned decision is neither contrary to nor or an unreasonable application of clearly established federal law. The Court of Appeals cited case law which plainly incorporated the Strickland standard, and explained and supported its conclusion that his attorney's representation did not prejudice Petitioner. Even assuming that Petitioner's attorney erred as alleged by Petitioner, in light of the strength of the evidence presented against him, the Court finds that the state court's conclusion that Petitioner was not prejudiced by the error was neither contrary to nor an unreasonable application of Supreme Court precedent. Therefore, no relief will be granted on this claim.

## VI. Conclusion

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

11

          s/Bernard A. Friedman
          BERNARD A. FRIEDMAN
          CHIEF UNITED STATES DISTRICT JUDGE

Dated: September 28, 2005